ELLIS, Judge.
This suit arises out of an accident between two large trucks which occurred on U. S. Highway 190 in Lottie, Louisiana, on March 20, 1966. Both of the trucks were heading west on Highway 190, which at the point of the accident is a four lane divided highway. Plaintiff’s rig, which was a tractor pulling a large van type trailer driven by Edward Dupre, had overtaken and passed the defendant’s truck, owned by M. J. Tweedel Trucking Company, Inc., and driven by Joseph F. Stears. According to the testimony of Dupre, he had completed the passing maneuver and had returned to the outside westbound lane of traffic when he heard a funny noise in his engine and decided to pull off onto the shoulder of the road in order to investigate. He testified that he began to slow down and had actuated his blinker signal, and when his truck was about half way off onto the shoulder, it was struck from the rear by defendant’s truck.
According to the driver of defendant’s truck, the plaintiff’s truck had passed him, and when the rear of the van was only 20 to 25 feet ahead of the front of defendant’s tractor, cut back in front of him and braked suddenly. Stears testified that he was unable to avoid the collision.
The two trucks collided approximately one tenth of a mile west of the intersection of U. S. Highway 190 and Louisiana Highway 81. There were two independent eye witnesses to the accident. The first one, a Mr. Bates, testified that he was stopped in the neutral ground approximately one quarter mile to the east of the intersection when the trucks passed him. He said that at the time they passed, the rear of the plaintiff’s van was approximately ten feet ahead of the front of the defendant’s tractor. He stated that plaintiff’s truck pulled back into the outside lane ahead of defendant and that there was a Volkswagen behind the plaintiff’s truck which had time to pass both trucks before the accident happened. The other witness, a Miss Fonte-not, was a waitress in a restaurant situated on the southwest corner of the intersection. She testified that the plaintiff’s truck was passing defendant’s truck when they reached the intersection and that as soon as it was clear it cut in front of the defendant’s truck, causing the accident.
After hearing the evidence, the trial judge, without rendering reasons, gave judgment in favor of plaintiff and against defendant for the damages to the plaintiff’s truck, which were stipulated. From this judgment, the defendant has appealed. In their specifications of error, they claim that the trial judge was in error in holding that Mr. Stears was guilty of negligence, causing the accident, and that he erred in holding that Mr. Dupre was guilty of no contributory negligence.
If plaintiff’s version of the accident is true, then the Volkswagen had time to pass plaintiff’s tractor and trailer after it had pulled back into the outside lane before the collision occurred. This would indicate that the accident did not happen immediately upon plaintiff’s pulling over, but that some time elapsed between that maneuver and the collision. Under those circumstances, the accident would be due to defendant’s driver failing to see the brakes applied and turn signal actuated, and tak *108 ing appropriate action to avoid the collision.
If defendant’s version is correct, the fault would be that of plaintiff’s driver in creating a sudden emergency by cutting in front of defendant’s truck while suddenly applying his brakes.
The testimony of the parties and their witnesses is in hopeless conflict. We have examined their testimony with great care as well as the testimony of the investigating officer and other witnesses who were present at the scene after the accident occurred. There is little or nothing in this testimony either to bear out or refute any of the testimony of the eye witnesses. The trial judge had an opportunity to see and hear the witnesses testify, and was in a far better position than we to evaluate their testimony. He obviously believed the version of the accident offered by the plaintiff, or he would otherwise not have been able to rule the way he did. We are unable to say that in so doing he was manifestly erroneous.
The judgment appealed from is affirmed at defendant’s cost.
Affirmed.